Sanchez v 1649 Nelsco, LLC (2025 NY Slip Op 03169)

Sanchez v 1649 Nelsco, LLC

2025 NY Slip Op 03169

Decided on May 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 27, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Kapnick, Mendez, Shulman, JJ. 

Index No. 31676/18|Appeal No. 4446|Case No. 2024-06662|

[*1]Sergio Sanchez, Plaintiff-Respondent,
v
1649 Nelsco, LLC et al., Defendants-Appellants.

Lesch & Lesch, P.C., Bronx (Beth S. Gereg of counsel), for appellants.
The Law Office of Michael James Prisco PLLC, Massapequa (Michael J. Prisco of counsel), for respondent.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered on or about October 11, 2024, which denied the motion of defendants 1649 Nelsco, LLC and Tryax Realty Management, Inc. for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff failed to raise a triable issue of fact in opposition to defendants' showing of entitlement to judgment as a matter of law in this action where plaintiff was allegedly injured when he fell while descending stairs in defendants' building. Plaintiff's expert report, which suggests that the proximate cause of plaintiff's fall was a combination of a worn marble step tread and the placement of the handrail, one inch away from the top of the landing, did not raise an issue of fact. Plaintiff's testimony showed that the handrail, which was available to his left when he fell, did not contribute to plaintiff's fall, which occurred at the first step and not at the landing (see Uppstrom v Peter Dillon's Pub, 172 AD3d 497, 498 [1st Dept 2019]; see also Wong v 15 Monroe Realty Inc., 194 AD3d 534, 534-535 [1st Dept 2021]). Nor did plaintiff raise an issue of fact on the issue of notice, where the superintendent of the building testified that he traversed the steps every weekday and did not see or report any problem relating to the condition of the stairs before the day of the accident. Such testimony sufficiently established defendants' lack of notice of the purported defect (see Yea Soon Chung v Mid Queens LP, 139 AD3d 490 [1st Dept 2016]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 27, 2025